IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:09-387 (MBS) |
| | ) | |
| v. | ) | |
| | ) | SENTENCING |
| TROY SPENCE | ) | MEMORANDUM |
| | ) | |

The defendant pleaded guilty to possession of material containing images of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). He has a prior conviction in the State of South Carolina for Assault and Battery of a High and Aggravated Nature (ABHAN). The government submits that this conviction subjects the defendant to the enhanced penalty of 10 to 20 years in Title 18, United States Code, Section 2252A(b)(2). The defendant objects to this sentencing range. He maintains that his conviction does not qualify for the sentencing enhancement and that a maximum sentence of up to 10 years with no mandatory minimum applies. For the reasons that follow, the government submits that the enhanced penalty applies.

The applicable penalty provision calls for a sentence of 10 to 20 years if the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . ." On January 20, 2004, the defendant pleaded guilty to an Indictment alleging that on March 22, 2003, he did "commit an assault and battery upon the victim, [K.S.] constituting an unlawful act of violent injury to the person of the said victim, accompanied by circumstances of aggravation, to wit: Troy Daryl Spence used his hand to touch [K.S.] between her legs, such being indecent

liberties with a female and there being a difference in the sexes of the parties and a great disparity in the ages and physical conditions of the parties." ABHAN is a common law crime, and it is defined as "an unlawful act of violent injury accompanied by circumstances of aggravation." State v. Primus, 349 S.C. 576, 580, 564 S.E.2d 103, 105 (2002). As applicable to the defendant's conviction, circumstances of aggravation include great disparity in the ages or physical conditions of the parties, difference in gender, and taking indecent liberties or familiarities with a female. State v. Frazier, 302 S.C. 500, 397 S.E.2d 93 (1990); State v. Tyndall, 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct.App.1999); State v. Murphy, 322 S.C. 321, 471 S.E.2d 739 (Ct.App.1996). The question for this Court is whether this crime constitutes one "relating to . . . abusive sexual conduct involving a minor." The answer is that it does.

Congress did not define the phrase "relating to . . . abusive sexual conduct involving a minor." Therefore, to determine whether defendant's ABHAN conviction constitutes a qualifying predicate conviction, this Court should apply the "modified categorical approach" described in Shepard v. United States, 544 U.S. 13, 19 (2005). Under this process, the Court can look to the elements of the ABHAN offense[1], the state Indictment, and the plea colloquy to determine whether the federal recidivism provisions apply.

As noted above, the language of the state Indictment coupled with the elements of

---

[1] The "categorical approach" articulated in Taylor v. United States, 495 U.S. 575, 600 (1990), looks to the statutory definitions of the prior state offense. Where, as here, however, the crime is defined by common law, this Court should look to the elements as established in case law.

ABHAN clearly demonstrate that the defendant engaged in abusive sexual conduct toward a female who was significantly younger than he was at the time of the assault. The defendant committed this assault on or about March 22, 2003, when he was nearly 23 years of age. For purposes of the application of the federal sentencing enhancement, the only question is whether at the time of the assault the victim was under the age of 18. This question is answered by the plea colloquy during which the assistant solicitor stated that "[a] nine year-old cousin of the defendant disclosed that he had touched her genital area outside her clothing while they were playing hide-and seek."

Cases applying the sentencing enhancement of Section 2252A(b)(2) have applied an expansive reading of the statutory grounds. "The phrase 'relating to' carries a 'broad meaning,' i.e., 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" United States v. Stults, 575 F.3d 834 (8th Cir. 2009) (citations omitted). For example, in United States v. Dullea, 296 Fed. Appx. (11th Cir. 2008) (unpublished), a conviction for "indecent assault and battery on a child under the age of fourteen" was deemed sufficient to sustain on appeal the application of the 10 year minimum sentencing enhancement. Dullea's predicate offense was remarkably similar to the defendant's ABHAN conviction. It required the "intentional, unjustified touching of private areas such as the breasts, abdomen, buttocks, thighs, and pubic area of a female." Commonwealth of Massachusetts v. Rosa, 818 N.E.2d 621, 624 (Mass.App.Ct. 2004).

The similarities between the defendant and Dullea go beyond their prior convictions. Both were initially charged with much more serious crimes. The defendant was initially charged with Lewd Act on a Child, and Dullea was initially charged with sexual intercourse with a child under 16. Both also received very lenient sentences on account of their state convictions. The defendant was sentenced to 5 years suspended to 2 years probation with a requirement of mental health counseling. Dullea was sentenced to 60 days, all but 10 of which were suspended, to be followed by one year of probation.

Based upon the forgoing law and analysis, the government submits that the defendant's prior conviction for ABHAN satisfies the requirement in Title 18, United States Code, Section 2252A(b)(2) for a prior conviction "relating to . . . abusive sexual conduct." According, the sentencing range of 10 to 20 years should be applied.

Respectfully submitted,

KEVIN F. MCDONALD
ACTING UNITED STATES ATTORNEY


By:  s/ Dean A. Eichelberger
        Assistant U. S. Attorney